Note—OS. Pend. Opinion will be found in 3 Abs. 548.

---

No. 833

LOVERING v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5639. Decided May 4, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

1283. WORKMEN'S COMPENSATION— Intention of legislature under Sections 1465-60-61 and 76 GC., to make cities liable for personal injuries in case of failure to comply with a lawful requirement, whether injuries occurred in exercise of a governmental function or not.

Alma Lovering sued the city of Cleveland in the Cuyahoga Common Pleas for personal injuries received as she was descending a stairway in the City Hospital. The basis of her action is an ordinance providing that stairways shall be kept in perfect repair; shall not be obstructed in any way; and that they shall be provided with sufficient light, either natural or artificial, and if artificial, to be kept burning "while the building served by such stairway is being used or occupied."

It is claimed that the city failed to comply with the ordinance. The city in its answer stated that it had complied with the provisions of the Workmen's Compensation Act. Judgment was entered on the pleadings in favor of the city. Lovering prosecuted error and the Court of Appeals held:

1. In view of the provisions of 1465-60, 1465-61 and 1465-7 GC. there could be no doubt of the city's liability if it were not for the phrase "nothing in this act contained shall affect the civil liability of such employer," in 1465-76 GC.

2. That section makes the employer liable if he has failed to comply with a lawful requirement, although he has complied with the Workmen's Compensation Acts by paying the proper amount into the state insurance fund.

3. By amendment, (103 O. L. 72) of the Workmens' Compensation Act of 1911, cities were made employers and anyone engaged in the service of a city was made an employee under provisions of the Workmens' Compensation Laws. Under 1465-76 GC. the employee of a city may bring suit against it if it fails to comply with a lawful requirement.

4. From the foregoing provisions the intention of the legislature to make cities liable for personal injuries in the event of failure to comply with a lawful requirement, regardless of whether the injuries occurred in the exercise of a governmental function or not.

5. The liability referred to in the clause of 1465-76 GC. is such as would exist if there were no Workmens Compensation Laws, while the liability of the city in case of a failure to comply with a lawful requirement is a liability created by such a law.

6. It is unthinkable that the legislature intended that 1465-60-61 and 76 GC. should create a liability and then that the clause in 1465-76 GC. should exempt from such liability.

7. The motion for judgment on the pleadings should have been overruled.

Judgment reversed and cause remanded.

Attorneys—Payer, Winch, Minshall &. Karch for Lovering; Carl Shuler for City; all of